195 So. 137
Division A
Opinion Filed March 26, 1940

*J. McHenry Jones,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, *Thomas J. Ellis* and *William Fisher, Jr.,* Assistant Attorneys General, for Defendant in Error.

Bᴜꜰᴏʀᴅ, J.—On writ of error we review judgment and sentence of the Court of Record of Escambia County.

Plaintiff in error was convicted on plea of guilty to first count of information charging, "That Ella Ryans, alias Ella Rhynes late of the County of Escambia, in the State aforesaid, on the 22nd day of June, A. D. 1939, at and in Escambia County, Florida, did wilfully and unlawfully sell and engage in the business of selling as a vendor, spirituous, vinous and malt liquors and beverages, to-wit: Intoxicating liquors containing more than one per cent of alcohol by weight, without first having paid for and procured a license

from the State of Florida and Escambia County, as required by law."

The judgment and sentence of the court was:

"Now on this day came in person the defendant, Ella Rhynes alias Ella Ryans, into open court and after being duly arraigned, entered her plea of guilty to wilfully and unlawfully selling alcoholic and intoxicating liquor without license, the charge contained in the first count of the information filed herein against her. Therefore, you, having plead guilty, the court adjudges you to be guilty of said offense. And being asked by the court whether or not she had anything to say why sentence of the law should not now be pronounced upon her, say nothing.

"It is, therefore, considered by the court that you, Ella Rhynes, alias Ella Ryans, for the crime of which you have been and stand convicted, do be imprisoned by confinement at hard labor in the State prison for a period of three (3) years and do forfeit and pay to the State of Florida for the use of Escambia County a fine of $500.00."

The contention is that the accused pleaded guilty to a charge constituting a misdemeanor and was sentenced as for the commission of a felony.

The prosecution was under Chapter 16774, Acts of 1935. Section 15 of the Act provides:

"Any person wilfully and knowingly making any false entries in any records required under this Act or wilfully violating any of the provisions of this Act concerning the excise tax herein provided for shall be guilty of a felony and shall upon conviction thereof be punished by imprisonment in the State penitentiary for a term of not less than one year nor more than five years or by fine of not more than $5,000.00, or by both such fine and imprisonment. Any person violating any other provision of this Act shall be

guilty of a misdemeanor and shall upon conviction be punished by imprisonment in the county jail for not more than six months or by a fine of not more than $1,000,000, or by both such fine and imprisonment. Provided, that any person, who shall have been convicted of any provision of this Act, shall thereafter be convicted of a further violation of this Act, shall, upon conviction of said further offense, be deemed guilty of a felony and shall be punished by imprisonment of not less than one year nor more than five years in the State penitentiary or fined not more than $5,000.00 or by both such fine and imprisonment.

"Nothing in this Act contained shall be construed to affect or impair the power or right of any incorporated town or city of the State hereafter to enact ordinances regulating the hours of business and locations of places of business, and prescribing sanitary regulations therefor, of any licensee hereunder within the corporate limits of such city or town."

The controlling question for our determination is whether or not the involved count of the information charged a violation of the Act "concerning the *excise* tax *herein* provided for." (Emphasis supplied.)

Sections 5, 6, 7 and 8 provide for State and county license tax. The tax provided for in this section is designated in the Act a "license·tax." Sections 9 and 10 of the Act deal with stamp taxes which tax is referred to and designated in these sections as "Excise tax."

In Section 9 it is provided: "There shall be only one State tax paid as to each gallon or fraction thereof of beverage sold under this Act, and no other excise tax shall be levied, directly or indirectly."

And further in the same section it is provided: "The Director may at any time require reports additional to the monthly reports hereinbefore required, as to the disposition

of the beverages herein defined, for the purpose of assessment and collection of the excise taxes herein provided, and the burden of proof shall be on the distributor to satisfy the Director as to the disposition of said beverages."

By Chapter 18015, Acts of 1937, the Act of 1935, *supra,* was amended and there again we find the stamp tax designated in terms as the "excise tax." (See Sections 4, 5 and 10.)

So while broadly speaking, a license tax or occupation license tax is an excise tax, we must hold that the language found in Section 15 of Chapter 16774, *supra,* viz.: "Concerning the excise tax herein provided" applies to the provisions of the Act in regard to stamp tax and not to the State and county occupation license tax.

It, therefore, follows that the count of the information here involved charged a misdemeanor and, therefore, the sentence imposed was not authorized by law.

The judgment, insofar as imposition of sentence is involved, is reversed and the cause is remanded with directions that sentence be imposed as for a misdemeanor within the purview of the Act.

It is so ordered.

TERRELL, C. J., and THOMAS, J., concur.

BROWN, J., concurs in opinion and judgment.

Justices WHITFIELD and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.